# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1093

_____

Akira Edmonds

*Plaintiff - Appellant*

v.

Dana Meyer; T. Bredeman; Aschok Chada, Licensed Physician; Joule N.
Stevenson, MD, Licensed Physician; T. Crouch, Nurse Practitioner; Michele
Buckner, Warden of the South Central Correctional Center; Dr. Unknown Lovelace

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 2, 2021
Filed: April 5, 2021
[Unpublished]

_____

Before BENTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Missouri Department of Corrections (MDOC) inmate Akira Edmonds appeals
the 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal of his 42 U.S.C. § 1983 complaint for

failure to state a claim. We grant Edmonds leave to proceed in forma pauperis on appeal; and we affirm in part and reverse in part.

Edmonds claimed Eighth Amendment violations based on the medical management of a painful inguinal hernia, which he alleged was first diagnosed at South Central Correctional Center (SCCC) in May 2019, and was then treated at Northeast Correctional Center, where he was transferred in August 2019. He stated that in August 2020, following an assessment by a nonparty, it was determined that hernia surgery was required, and a surgery referral was initiated. He sought damages against Corizon Medical Services (Corizon) and its doctors Aschok Chada and Joule Stevenson, Nurse Practitioner (NP) Tamra Crouch, and officials T. Bredeman and Dana Meyer; MDOC Dr. Lovelace; and SCCC Warden Michele Buckner. Initially, we conclude that Edmonds sufficiently named the individual defendants in their individual and official capacities, given that he checked boxes provided on the form complaint for both individual and official capacity, and he named all defendants in their individual and official capacities in his original complaint. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam); see also Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014) (explaining that courts should construe pro se complaints liberally, meaning that "if the essence of an allegation is discernible," even if not "pleaded with legal nicety," the complaint should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework" (cleaned up)).

We conclude that the claims against the Corizon, MDOC, and SCCC officials—Bredeman, Meyer, Dr. Lovelace, and Buckner—were properly dismissed before service of process. Specifically, it was clear from the complaint that Edmonds did not know who was responsible for the initial denial of a truss that was requested by his SCCC medical providers; and he merely alleged that he wrote Buckner a letter after the denial, but did not allege she was directly involved in his care. See Dahl v. Weber, 580 F.3d 730, 733-34 (8th Cir. 2009) (explaining that § 1983 liability requires

-2-

personal involvement and that a warden's general responsibility for supervising prison operations is insufficient to show personal responsibility).

However, we conclude that Edmonds stated a claim against the remaining individual defendants: Drs. Chada and Stevenson, and NP Crouch. His inguinal hernia is an objectively serious medical need, see Grayson v. Ross, 454 F.3d 802, 809 (8th Cir. 2006) ("[A]n objectively serious medical need or a deprivation of that need . . . must be either obvious to [a] layperson or supported by medical evidence, like a physician's diagnosis." (cleaned up)), and he sufficiently alleged that the medical defendants were deliberately indifferent to this need. At the pleading stage, where the defendants have not been served and the parties have not had the opportunity to conduct discovery, it is unknown whether the alleged failures of the medical defendants—not conducting a proper examination, prescribing only ibuprofen and a truss, ignoring his complaints that the truss and ibuprofen were not relieving his severe pain, and not referring him for surgery for a year—rose to the level of criminal recklessness, or whether any delay had an adverse effect. See Jackson v. Riebold, 815 F.3d 1114, 1119-20 (8th Cir. 2016) (explaining that when deliberate indifference claim is based on treatment delay, inmate must offer verifying medical evidence showing detrimental effect of delay); Topchian, 760 F.3d at 848 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (cleaned up)); McRaven v. Sanders, 577 F.3d 974, 979, 983 (8th Cir. 2009) (noting that "[a]lthough medical negligence does not violate" the Eighth Amendment—which proscribes "unnecessary and wanton infliction of pain"—"medical treatment may so deviate from the applicable standard of care as to evidence . . . deliberate indifference" (cleaned up)).

Finally, we conclude that the claims against Corizon—including the official-capacity claims against the medical defendants, who were Corizon employees—were improperly dismissed pre-service. See Crumpley-Patterson v. Trinity Lutheran Hosp.,

-3-

388 F.3d 588, 590-91 (8th Cir. 2004) (where private party acts under color of state law, the test for corporate liability is whether an official policy, custom, or action inflicts injury actionable under § 1983). Specifically, construing Edmonds's complaint liberally, he sufficiently alleged that Corizon had a policy, custom, or practice of managing inguinal hernias with only ibuprofen and a truss, and of delaying surgery even when a hernia is worsening.

Accordingly, we affirm the dismissal of the claims against officials Meyer, Bredeman, Dr. Lovelace, and Buckner; we reverse the dismissal of the claims against Corizon, and against Dr. Chada, Dr. Stevenson, and NP Crouch in their individual and official capacities; and we remand for further proceedings consistent with this opinion.

_____